**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

```
CARMEN G. TORO, ET AL.,

     Plaintiffs,

        v.                                CIV. NO 05-2069(PG)

DR. ELSA LOPEZ MARTINEZ, ET AL.,

     Defendants.
```

**OPINION AND ORDER**

On October 5, 2005, plaintiffs filed the above-styled and captioned suit against defendants for damages pursuant to Article 1802 and 1803 of the Puerto Rico Civil Code, P.R. Stat. Ann 31 § 5141-5142.  Plaintiff invoke this Court's jurisdiction pursuant to 28 U.S.C. §1332.

Before the Court is co-defendant Centro Medico del Turabo, Inc. d/b/a/ Grupo HIMA-San Pablo, and successor to HIMA of Humacao, Inc.'s (hereinafter "HIMA") Motion to Dismiss for Lack of Jurisdiction. (Docket No. 9.) The parties requested and were granted time to conduct jurisdictional discovery. An evidentiary hearing would be scheduled if needed. Upon completion of the jurisdiction discovery, the Court ordered the parties to file any additional evidence or documents they had regarding the jurisdictional issue in controversy. Once the Court reviewed the evidence, it would schedule the evidentiary hearing if needed. (See Docket Nos. 16, 24, 26, 30, 32, 36 & 39.) Only plaintiffs filed evidence in support of their position. (Docket No. 37, 40 & 41.)  Having reviewed the record, the Court finds that the parties have been afforded time to be heard and brief their respective positions, therefore, there is no need to hold an evidentiary hearing. See Valentin v. Hospital Bella Vista,  254 F.3d 358, 364 -65 (1st Cir.2001). For the following reasons the Court denies HIMA's motion.

**BACKGROUND**

On or around October 6, 2004, Plaintiff Carmen G. Toro Perez ("Ms. Toro") was at Hospital HIMA of Humacao to have a laparotomy performed to remove stones located in her gallbladder.  Doctor Elsa Lopez Martinez failed to properly perform the laparotomy and had to do a cholecystectomy in order to

Civ. No. 05-2069(PG)                                                  Page 2

successfully conclude the surgery. During the procedures, defendants perforated her colon. As a result, Ms. Toro suffered an obstruction, cellulatis, a hernia, an abscess, infection, and other complications. It is alleged in the complaint that the doctors named as defendants did not obtain an informed consent from Ms. Toro to perform the laparotomy and the cholecystectomy. Plaintiffs allege that defendants did not adequately explain to Ms. Toro the nature, risks, treatment, consequences and alternatives available. Plaintiffs claim that defendants should have better informed Ms. Toro of the risks involved and should have performed the procedure taking all the necessary steps to avoid perforating her intestine. It is alleged that Ms. Toro is partially and permanently disabled as a result of defendants' negligence.

## DISCUSSION

### I. Standard of Review

When ruling on either 12(b)(1) or 12(b)(6) motion, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. Pejepscot Indus. Park v. Maine Cent. R.R., 215 F.3d 195, 197 (1st Cir. 2000)("The standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, namely, the Court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff"). See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); Celta Const. v. U.S. Dept. of Housing and Urban Development, 337 F.Supp.2d 396, 398 (D.P.R. 2004). A court should not dismiss a complaint for lack of subject matter jurisdiction unless it is clear that plaintiff will be unable to prove any set of facts which would entitle him to recovery. See LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998); Negron-Gaztambide, 35 F.3d at 27 (citing Carney v. Resolution Trust Corp., 19 F.3d 950, 954 (5th Cir.1994); Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992). "The party invoking the jurisdiction of a federal court carries the burden of proving its existence." Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993). See Puerto Rico Tel. v. Telecom. Regulatory Bd., 189 F.3d 1, 7 (1st Cir. 1999);

Civ. No. 05-2069(PG)                                                  Page 3

Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 642 (1st Cir.1995). "In conducting this inquiry, the court enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction. Valentin, 254 F.3d at 363-364.

"Federal courts have jurisdiction over controversies arising between 'citizens of different states,' provided that the amount in controversy exceeds $75,000." Garcia Perez v. Santaella, 364 F.3d 348, 350 (1 st Cir. 2004); see 28 U.S.C. § 1332(a)(1). "[C]itizenship usually is equated with domicile." Valentin, 254 F.3d at 366 (citing Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir.1988). "A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Valentin, 254 F.3d at 366. "Domicile requires both physical presence in a place and the intent to make that place one's home." Id.; see Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377, 383 (1904); Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 701 (1st Cir.1979).

Courts "take into account a variety of factors indicating the extent of a particular party's ties to the purported domicile" ... [including] current residence; ... location of personal and real property; location of ... bank accounts; ... membership in ... fraternal organizations, churches, clubs and other associations; ... driver's license and ...[and] payment of taxes." Garcia Perez, 364 F.3d at 350 (citing 13B Wright, Miller & Cooper, Federal Practice and Procedure § 3612 (2d ed.1984)). "For federal jurisdictional purposes, diversity of citizenship must be determined as of the time of suit." Valentin, 254 F.3d at 361.

**II. Analysis**

Defendant HIMA claims that at the time the complaint was filed and to date, Ms. Toro lives in San Sebastian, Puerto Rico and therefore, the case should be dismissed because there is no complete diversity between the parties. HIMA proffers an Unsworn Declaration Under Penalty of Perjury of Roberto Morales, its investigator who says he visited Ms. Toro at her San Sebastian's residence on March 18, 2006. (Docket No. 9, Exhibit 4.)

Mr. Morales claims that on March 14, 2006, he called the telephone number

Civ. No. 05-2069(PG)                                                    Page 4

that Ms. Toro had provided to HIMA at the time of her admission on October of 2004. M. Morales states that the person who answered the phone identified himself as Mr. Franco Gonzalez and told him that Ms. Toro lived in San Sebastian. (Id.). Furthermore, Mr. Morales states that when he went to visit Ms. Toro in San Sebastian, she told him that the house belonged to her and that she lived there with a sister by the name of Blanca Espinal and the latter's husband, Mr. Harry Rivera. (Id.)

To the contrary, plaintiffs allege that since March of 2005, Ms. Toro lives in Pennsauken, New Jersey. Plaintiffs proffer the following documents as evidence of Ms. Toro's domicile in New Jersey:

- Ms. Toro's Unsworn Statement Under Penalty of Perjury, (Docket No. 13, Exhibit A; Docket No. 37, Exhibit A);

- Franco Gonzalez' Unsworn Statement Under Penalty of Perjury (Docket No. 13, Exhibit B; Docket No. 37, Exhibit B);

- Nelly Montañez' Unsworn Statement Under Penalty of Perjury (Docket No. 13, Exhibit C; Docket No. 37, Exhibit C);

- Identification of Mrs. Carmen Toro of the State of New Jersey (Docket No. 13, Exhibit D);

- Receipt of Travel Agency WLA dated 02/22/06 when Ms. Toro purchased airline ticket dated 11/25/05 (Docket No. 13, Exhibit E; Docket No. 37, Exhibit E);

- Bank Statements of FMS, Farmer & Mechanics Bank dated 04/29/05 (Docket No. 13, Exhibit F);

- Ms. Toro's Form SSA-1099-Social Security Benefit Statement (Docket No. 13, Exhibit G);

- Ms. Toro's Medicaid eligibility identification card (Docket No. 13, Exhibit H); Ms. Toro's Documents of medical treatment in New Jersey (Docket No. 13, Exhibit I).

- Ms. Toro's Loan Request with the Cooperativa de Ahorro y Crédito Pepiniana dated 01/05/06 (Docket No. 40, Exhibit A);

- Credit Denial letter from the Cooperativa de Ahorro y Crédito Pepiniana dated 01/05/06 (Docket No. 40, Exhibit B);

- Information about current Social Security benefits, regarding Carmen Toro, dated 01/04/06 (Docket No. 40, Exhibit C);

- Invoice for Ms. Toro, Allcare Medical dated 07/19/05 (Docket No. 40, Exhibit D)

- Ms. Toro's New Jersey Identification Card (Docket No. 40, Exhibit

Civ. No. 05-2069(PG)                                                    Page 5

>    F);
- Bank account statement dated 06-30-2006 of FMS Bank in New Jersey (Docket No. 40, Exhibit G);
- Bank account statement dated 04-29-2005 of FMS bank in New Jersey (Docket No. 40, Exhibit H);
- Ms. Toro's Medical Cards from New Jersey (Docket No. 40, Exhibit I)

Having carefully reviewed the record, the Court finds that plaintiffs have proffered sufficient and convincing evidence that shows that Ms. Toro is domiciled in New Jersey.

Ms. Toro has an identification card from the State of New Jersey (Docket No. 13, Exhibit D.) She pays her cellular phone bill in New Jersey. Her cellular phone number is (856)308-4680. (See Docket No. 13, Exhibits A & C.) Ms. Toro does not file tax returns because she is retired, hence there is no evidence of tax returns from either Puerto Rico or New Jersey. (See Docket No. 13, Exhibit A.) Ms. Toro does not posses a drivers license for she does not know how to drive. (See Docket No. 13, Exhibits A & C.) Ms. Toro has her bank accounts in New Jersey and has no checking or bank accounts in Puerto Rico. (See Docket No. 13, Exhibits A, C & F.)  Ms. Toro's electoral card in Puerto Rico expired and she has not voted in an election in Puerto Rico for more that five years.  (See Docket No. 13, Exhibits A, C & F.) Ms. Toro receives and continues to receive medical attention in Pennsauken, New Jersey. (See Docket No. 13, Exhibit I; Docket No. 40, Exhibit.) Plaintiffs claim that MS. Toro's movable property is in New Jersey. (See Docket No. 13, Exhibits A & C.) There is no evidence of electric and water monthly bill payments because Ms. Toro's sister with whom she lives in New Jersey makes these payments. (See id.) Ms. Toro received her social security and Medicare mail at Pennsauken, New Jersey. (See Docket No. 13, Exhibits A, G & H; Docket No. 40, Exhibit C.) Lastly, when she singed her statement, she was physically in New Jersey. (Docket No. 13, Exhibit A; Docket No. 40, Exhibit B.)

As to the March of 2006 incident at San Sebastian, plaintiffs claim that Ms. Toro was visiting Puerto Rico in order to coordinate with her attorney and public notary the selling of house that was in her deceased ex-husband's name

Civ. No. 05-2069(PG)                                                  Page 6

to then divide the inheritance. Plaintiffs claim that Ms. Toro had the intention to go back to New Jersey when she visited Puerto Rico. Furthermore, pursuant to Franco Gonzalez' statement, when he received the phone call on March 14, 2006, he told the person who called that Ms. Toro was at her sisters' house and that she had come to visit because she had left Puerto Rico to live aborad and would be leaving on March 26, 2006. (Docket No. 13, Exhibit B, Docket No. 40, Exhibit B.)

     In sum, it is clear from the record that Ms. Toro's domicile is New Jersey and defendant HIMA has not proffered any compelling evidence to show otherwise. Accordingly, because there is complete diversity between the parties, and the jurisdictional amount is met, the Court DENIES defendant's motion to dismiss.

     **IT IS SO ORDERED.**

     In San Juan, Puerto Rico, December 12, 2006.

                                                S/JUAN M. PEREZ-GIMENEZ
                                                U. S. DISTRICT JUDGE